UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EBONY APPLETON, )<br>  Plaintiff, )<br>    )<br>v.   )<br>    )<br>METHODIST NL HOSPITAL, )<br>  Defendant. ) | CAUSE NO.: 2:24-CV-12-JVB-JEM |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss [DE 11] filed on February 28, 2024. Plaintiff Ebony Appleton, who is litigating her case without a lawyer, did not respond, and the deadline by which to do so has passed. Defendant Methodist N.L. Hospital argues that the Court should dismiss Appleton's complaint because the Court lacks subject matter jurisdiction over it.

Federal courts are courts of limited jurisdiction and have jurisdiction to hear only those matters that the United States Constitution and congress have authorized them to hear. *Owen Equip. & Erection Co. v Kroger*, 437 U.S. 365, 374 (1978); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). Court must dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

There are two pathways to subject matter jurisdiction in the federal court system: "federal question" and "diversity of citizenship." For federal question jurisdiction, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, district courts "have original jurisdiction of

all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[1] 28 U.S.C. § 1332.

In her complaint, Appleton indicates that she is suing only one defendant: Methodist NL Hospital.[2] She also provided proposed summons for only this defendant. Her allegations as to claims and facts, in full, are:

> I arrived at the hospital via ambulance. Upon arriving the paramedic had an attitude because he did not want me to continue to hospital because I told him I think I have food poison[ing]. He took me into the hospital with an agitated demeaner. He transferred that attitude along with a disrespectful gesture of picking up my mucky shoes I had just kicked off he picked them up and threw them on the cot with me. I began asking him why he would do that all while throwing up. Another female nurse came in after I had just kicked them back to the floor. She came in and repeated the same gesture, [illegible] the shoes from the floor wet and all picked them up and threw them on me. I cursed cause I'm sick and being attacked with spiteful gestures. When I cursed the nurse told me to leave. Trying to trick me into leaving the hospital without receiving any medical care. I refused to leave without medical attention being rendered. The hospital staff sent in (5) male security guards over 400 pounds apiece except 1 he was around 170 pounds. The guards beat me up threw my shoulder out my head was pressured with 400 pounds my clothes was down I was throwing up. And they threw me in jail.

(Complaint at 2-3, ECF No. 1 (edited to correct spelling)). Regarding relief, Appleton requests the following in her complaint:

> I would like Gary Indiana under investigation for continued lawless acts in Gary Indiana. I would like compensation for pain & suffering and injuries.

*Id.* at 3.

Appleton's allegations fail to establish that she is suing under the Constitution, laws, or treaties of the United States. It appears she may be trying to sue the hospital for various torts she believed the paramedic, nurse, and security guards committed against her, but tort claims fall under state law, not "laws of the United States"—that is, federal law. Her requests to have the city of

---

[1] There are other provisions, not relevant here, pertaining to citizens of foreign countries.

[2] Elsewhere, Appleton names this defendant as "Methodist Hospital N.L."

Gary, Indiana, investigated are irrelevant here where the only defendant she is suing is Methodist N.L. Hospital.

Appleton's allegations also fail to establish that she and the hospital are citizens of different states. Because Appleton filed in federal court, she bears the burden of establishing that the parties have diverse citizenship. *Chase v. Shop'n Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). She has not alleged the citizenship of either herself or the hospital, though the mailing addresses for both indicate addresses in Indiana.[3] She has also not provided allegations that the amount in controversy in this case exceeds $75,000, which is another requirement that must be met for the Court to have subject matter jurisdiction due to diverse citizenship.

Based on the above, the Court must dismiss Appleton's complaint because the Court does not have jurisdiction to hear Appleton's claims. The Court will provide Appleton with the opportunity to file an amended complaint, if she wishes, so that she can attempt to establish that the Court has jurisdiction.

## CONCLUSION

Therefore, the Court hereby **GRANTS** Defendant's Motion to Dismiss [DE 11] and **DISMISSES without prejudice** the Complaint [DE 1]. Appleton may file an amended complaint **on or before April 30, 2024**. If she does not file an amended complaint by the deadline, this case will be dismissed without prejudice for lack of jurisdiction.

SO ORDERED on April 2, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

cc: Plaintiff Ebony Appleton, *pro se*

---

[3] A mailing address does not establish a party's citizenship, which is based on each party's domicile.